UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MICHAEL T. WALSH on behalf of himself and
all other similarly situated consumers and in
his individual capacity
and JOANNE G. WALSH in her individual capacity

      Plaintiff,

  -against-

VITAL RECOVERY SERVICES, INC.

      Defendant.
-----------------------------------------------------------

07 CIV. 7390

BRIEANT

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Michael T. Walsh seeks redress for the illegal practices of Vital Recovery Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). Plaintiff Joanne G. Walsh seeks similar relief but only on an individual basis.

### *Parties*

2.  Plaintiffs are citizens of the State of New York who resides within Westchester County, New York.

3.  Plaintiffs are "consumers" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs a consumer debt, purportedly owed to PNC Bank.

-1-

4. Upon information and belief, defendant is a foreign corporation with its principal place of business located in Norcross, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Michael T. Walsh*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, on or about September 11, 2006 defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Plaintiff disputed the alleged debt and provided documentation that the account was settled with a prior collection agency.

12. Defendant sent another letter purporting to be an initial letter with the typical language

accompanying an initial letter giving the consumer thirty days to dispute the debt.

13. Said letter was dated April 9, 2007.

14. Said letter is virtually identical to the said letter dated September 11, 2006.

15. The defendant sent an additional letter dated June 11, 2007 which is virtually identical to the said September 11, 2006 letter and the April 9, 2007 letter.

16. The only difference is that each letter contains a different account number.

17. Each letter demands payment in the amount of $892.27.

18. Said amount is the difference between the original amount of the purported debt, and the settlement amount between the plaintiff and former collection agency acting on behalf of the said underlying creditor, PNC Bank.

19. All of the aforementioned letters state that the reason for the amount demanded is late fees.

20. Said assertion is false.

21. The underlying debt is for purported damage to the vehicle.

22. The said letters are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) for engaging in deceptive practices.

23. On or about July 3, 2007, one of the collectors from the defendant left a message on the plaintiff's voice mail system.

24. The message stated as follows: "This message is for Mike Walsh. This is Tony Forte. Give me a call immediately at 1-800-732-6606 extension 2513. Thank you."

25. Said message fails to set forth that the communication is from a debt collector.

26. Upon information and belief, the defendant has a policy of not identifying itself as a debt

collector when leaving telephonic messages.

27. Said telephone message is in violation of 15 U.S.C. § 1692e(11).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Michael T. Walsh on behalf of himself and the members of a class, as against the defendant.*

28. Plaintiff restates, re alleges, and incorporates herein by reference, paragraphs 1-27 as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of plaintiff and the members of two classes.

30. Class A consists of consumers who received the same form letter, as did the plaintiff.

31. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about September 11, 2006 and February 6, 2007 (b) the collection letters were sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10).

32. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received a telephone message (a) from the defendant (b) concerning an alleged consumer debt; and (c) that the message contained violations of 15 U.S.C. § 1692e(11).

33.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

34.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

35. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

37. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

38. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Michael T. Walsh on behalf of himself individually.*

39. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-27 as if set forth fully in this cause of action.

40. In response to the September 11, 2006 letter which was the initial letter received by the plaintiff, the plaintiff disputed the validity of the debt by faxing a letter to the defendant dated September 27, 2006.

41. In the said letter of September 27, 2006, plaintiff enclosed a satisfaction of debt letter from OSI Collection Services dated September 25, 2006.

42. The said September 25, 2006 letter from OSI states in part as follows: "Be advised that both OSI Collection Services, Inc. and your creditor has accepted $920.27 as settlement on the above referenced account. This will be recorded as settled upon bank clearance of your payment.

43. The plaintiff's bank statement reflects that the $920.27 was paid on July 5, 2006.

44. The plaintiff entered into a settlement in good faith.

45. The defendant has continued to harass the plaintiff where the plaintiff acted in good faith and previously settled the matter.

46. The plaintiff has suffered utter frustration by the fashion in which the defendant handled this matter.

47. Plaintiff claims that it was very agitating and distracting that the plaintiff had to devote so much time to the matter where the defendant failed to review the file.

48. Due to the defendant's inaction, the plaintiff inferred that plaintiff was being accused of lying and to avoid the payment of a debt.

49. Plaintiff feared that his credit rating could be damaged.

50. Plaintiff also was concerned that he would be subjected to further telephonic contacts.

51. On or about July 3, 2007 the plaintiff received a voice mail message from Tony Forte telling the plaintiff to call him immediately at 800-732-6606 ext. 2513.

52. Plaintiff spoke with Tony or about July 11, 2007.

53. Plaintiff indicated to Tony that the plaintiff was represented by an attorney.

54. Tony was under the obligation to be familiar with the Fair Debt Collection Practices Act.

55. Tony was under the obligation to contact the plaintiff's attorney once he had actual notice that the plaintiff was represented by an attorney.

56. Tony requested the name of plaintiff's attorney.

57. When the plaintiff indicated to Tony that he had an attorney but could not remember his name, Tony said to the plaintiff that plaintiff was lying, and Tony proceeded to terminate the call.

58. Plaintiff had already consulted with an attorney concerning the underlying debt and the various communications the plaintiff had received.

59. Tony acted in an outrageous fashion towards the plaintiff.

60. Defendant is in violation of 15 U.S.C. § 1692e(10) for engaging in deceptive practices 1692e(11) for failing to disclose that a communication was from a debt collector and 1692d for harassing the plaintiff.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C.

        1692(k);

(b)      Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)      Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Joanne G. Walsh on behalf of herself individually.*

61. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this cause of action.

62. Plaintiff spoke with one of the defendant's collectors.

63. The collector tried to intimidate the plaintiff to pay the debt.

64. The collector represented to the plaintiff that the debt is huge.

65. That representation was false and harassing where the defendant was put on notice that the debt had been previously resolved.

66. That representation was false and harassing where the amount that was alleged to be due was less than $1,000.00.

67. Defendant is in violation of 15 U.S.C. § 1692e(10) for engaging in deceptive practices 1692d for harassing the plaintiff.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 13, 2007

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

PO Box 923747  
Atlanta, GA 30010-3748  
**RETURN SERVICE REQUESTED**

VITAL RECOVERY SERVICES, INC.  
PO BOX 923747  
NORCROSS, GA 30010-3747  
(800)732-6606

September 11, 2006

00007559

MICHAEL WALSH  
12 GRANDVIEW CIRCLE  
PLEASANTVILLE NY 10570-2009

Original Acct#: 6103200026800026800  
Amount Due: $892.27  
Interest Due: $0.00  
Misc. Fee: $0.00  
Balance Due: $892.27  
0020              008993715

**PRIORITY DISPATCH**  
**IMPORTANT NOTICE:**  
**PLEASE RESPOND**

## YOUR ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION

Dear MICHAEL WALSH:

VITAL RECOVERY SERVICES, INC. is now servicing the LEASE END OF TERM account noted above that is held by PNC BANK. They have placed it with us to collect it for them after their review of your matured lease. They determined there is a balance still remaining on your account due to:

- *Late Fees*

Send your full payment with the coupon below or call us. We would like to discuss the matter with you.

Unless you dispute the validity of the debt, or any portion of it, within 30 days after receipt of this notice, VITAL RECOVERY SERVICES, INC. will assume the debt to be valid. If you notify VITAL RECOVERY SERVICES, INC. in writing within the 30 day period that the debt, or any portion thereof, is disputed, VITAL RECOVERY SERVICES, INC. will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by VITAL RECOVERY SERVICES, INC. Upon your written request within the 30 day period, VITAL RECOVERY SERVICES, INC. will provide you with the name and address of the original creditor, if different from the current creditor.

It is important that this balance be resolved. For your benefit, call VITAL RECOVERY SERVICES, INC., toll free at (800)732-6606. We want to assist you with this account.

Any check dishonored for closure of account, nonexistent account, insufficient funds or a stop payment order without cause may be assessed a bad or worthless check service fee or charge as outlined by State laws.

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**

New York City Department of Consumer Affairs License Number 1126452.

↓ Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope ↓

Make check payable to:  
**VITAL RECOVERY SERVICES, INC.**

NEW ACCT #: 008993715  
BALANCE DUE: $892.27

Amount Paid: _____

Home Phone: _____  
Daytime Phone: _____

0020        008993715

VITAL RECOVERY SERVICES, INC.  
PO BOX 923747  
NORCROSS, GA 30010-3747

MICHAEL WALSH  
12 GRANDVIEW CIRCLE  
PLEASANTVILLE NY 10570-2009

☐ Check here if address has changed.  
Please note changes on reverse side.

PO Box 923748
Atlanta, GA 30010-3748

**RETURN SERVICE REQUESTED**

VITAL RECOVERY SERVICES, INC.
PO BOX 923747
NORCROSS, GA 30010-3747
(800)732-6606

April 9, 2007

Original Acct#: 6103200026800026800
Amount Due: $892.27
Interest Due: $0.00
Misc. Fee: $0.00
Balance Due: $892.27
0020                010665828

00001045

MICHAEL WALSH
12 GRANDVIEW CIRCLE
PLEASANTVILLE NY 10570-2009

**PRIORITY DISPATCH
IMPORTANT NOTICE:
PLEASE RESPOND**

## YOUR ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION

Dear MICHAEL WALSH:

VITAL RECOVERY SERVICES, INC. is now servicing the LEASE END OF TERM account noted above that is held by PNC VEHICLE LEASING LLC. They have placed it with us to collect it for them after their review of your matured lease. They determined there is a balance still remaining on your account due to:

*- Late Fees*

Send your full payment with the coupon below or call us. We would like to discuss the matter with you.

Unless you dispute the validity of the debt, or any portion of it, within 30 days after receipt of this notice, VITAL RECOVERY SERVICES, INC. will assume the debt to be valid. If you notify VITAL RECOVERY SERVICES, INC. in writing within the 30 day period that the debt, or any portion thereof, is disputed, VITAL RECOVERY SERVICES, INC. will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by VITAL RECOVERY SERVICES, INC. Upon your written request within the 30 day period, VITAL RECOVERY SERVICES, INC. will provide you with the name and address of the original creditor, if different from the current creditor.

It is important that this balance be resolved. For your benefit, call VITAL RECOVERY SERVICES, INC., toll free at (800)732-6606. We want to assist you with this account.

Any check dishonored for closure of account, nonexistent account, insufficient funds or a stop payment order without cause may be assessed a bad or worthless check service fee or charge as outlined by State laws.

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**
New York City Department of Consumer Affairs License Number 1126452.

↓   Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope   ↓

Make check payable to:

**VITAL RECOVERY SERVICES, INC.**

NEW ACCT #: 010665828
BALANCE DUE: $892.27

Amount Paid: _____

Home Phone: _____
Daytime Phone: _____

0020        010665828

VITAL RECOVERY SERVICES, INC.
PO BOX 923747
NORCROSS, GA 30010-3747

MICHAEL WALSH
12 GRANDVIEW CIRCLE
PLEASANTVILLE NY 10570-2009

☐ Check here if address has changed.
  Please note changes on reverse side.

PO Box 923748
Atlanta, GA 30010-3748
**RETURN SERVICE REQUESTED**

**VITAL RECOVERY SERVICES, INC.**
PO BOX 923747
NORCROSS, GA 30010-3747
(800)732-6606

June 11, 2007

00001185

MICHAEL WALSH
12 GRANDVIEW CIRCLE
PLEASANTVILLE NY 10570-2009

Original Acct#: 6103200002680026800
Amount Due: $892.27
Interest Due: $0.00
Misc. Fee: $0.00
Balance Due: $892.27
0020                011221237

**PRIORITY DISPATCH
IMPORTANT NOTICE:
PLEASE RESPOND**

## YOUR ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION

Dear MICHAEL WALSH:

VITAL RECOVERY SERVICES, INC. is now servicing the LEASE END OF TERM account noted above that is held by PNC VEHICLE LEASING LLC. They have placed it with us to collect it for them after their review of your matured lease. They determined there is a balance still remaining on your account due to:

- *Late Fees*

Send your full payment with the coupon below or call us. We would like to discuss the matter with you.

Unless you dispute the validity of the debt, or any portion of it, within 30 days after receipt of this notice, VITAL RECOVERY SERVICES, INC. will assume the debt to be valid. If you notify VITAL RECOVERY SERVICES, INC. in writing within the 30 day period that the debt, or any portion thereof, is disputed, VITAL RECOVERY SERVICES, INC. will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by VITAL RECOVERY SERVICES, INC. Upon your written request within the 30 day period, VITAL RECOVERY SERVICES, INC. will provide you with the name and address of the original creditor, if different from the current creditor.

It is important that this balance be resolved. For your benefit, call VITAL RECOVERY SERVICES, INC., toll free at (800)732-6606. We want to assist you with this account.

Any check dishonored for closure of account, nonexistent account, insufficient funds or a stop payment order without cause may be assessed a bad or worthless check service fee or charge as outlined by State laws.

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**
New York City Department of Consumer Affairs License Number 1126452

↓    Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope    ↓

Make check payable to:
**VITAL RECOVERY SERVICES, INC.**

NEW ACCT #: 011221237
BALANCE DUE: $892.27

Amount Paid: _____

Home Phone: _____
Daytime Phone: _____

0020    011221237

VITAL RECOVERY SERVICES, INC.
PO BOX 923747
NORCROSS, GA 30010-3747

MICHAEL WALSH
12 GRANDVIEW CIRCLE
**PLEASANTVILLE NY 10570-2009**

☐ Check here if address has changed.
Please note changes on reverse side.